## 56080. MORRISON v. THE STATE.

BELL, Chief Judge.

Defendant was indicted for voluntary manslaughter but convicted of involuntary manslaughter in the commission of an unlawful act other than a felony. *Held:*

1. A witness for the state testified as to the amount of alcohol in the blood of the deceased and the defendant at the time of the incident. He also responded to a hypothetical question concerning the possible impairment of defendant's judgment at a particular blood

alcohol level. This witness, a qualified chemist, testified that he had been with the State Crime Laboratory six years, and for the past four years had supervised the implied consent section. His profession required him to analyze the blood alcohol content of persons and to test and observe people under the influence of varying amounts of alcohol. An expert is one whose habits and profession endow him with a peculiar skill in forming an opinion on the subject matter in inquiry. *Sims v. State,* 40 Ga. App. 10 (148 SE 769). It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular area to be deemed expert. *American Fire &c. Co. v. Grizzle,* 108 Ga. App. 496 (133 SE2d 400). The trial judge did not abuse his discretion in allowing the witness to testify.

2. The trial court charged the full language of the voluntary manslaughter statute, Code Ann. § 26-1102. Although not every phrase of the Code section was applicable, this is not cause for reversal as the court charged the entire statute, a part of which was applicable even though a part may have been inapplicable. *Rowles v. State,* 143 Ga. App. 553 (239 SE2d 164).

3. The court did not err in its charge on involuntary manslaughter. The portion of the charge complained of stated that if the jury had a reasonable doubt as to the defendant's guilt of voluntary manslaughter, it should consider defendant's guilt or innocence of involuntary manslaughter. The court mentioned involuntary manslaughter without differentiating the two separate kinds, i.e., in the commission of an unlawful act other than a felony, and in the commission of a lawful act in an unlawful manner likely to produce death or great bodily harm. Code Ann. § 26-1103. However, immediately prior to the excerpt complained of, the court explained the two kinds of involuntary manslaughter. In addition, the court clearly stated the two varieties at several other points in the charge and in the re-charge. There is no error where it is unlikely that the instructions considered as a whole would mislead the jury. *Flannigan v. State,* 139 Ga. App. 590 (229 SE2d 98).

4. The state's evidence showed that defendant shot the deceased in the leg with a shotgun and that the victim

bled to death. The defendant admitted shooting the victim with a shotgun. He testified further that he had no intent to kill the deceased but was acting in defense of himself and another. Defendant's written request to charge on involuntary manslaughter in the commission of an unlawful act other than a felony was granted. Now on appeal, after his conviction for this lesser grade of homicide, defendant contends that the evidence will not support this verdict as the proof shows that he committed an aggravated assault with a deadly weapon which is a felony. To the contrary, the evidence will support this verdict. Even though defendant admitted the shooting with a deadly weapon which caused the death of the victim, in doing so he of necessity admitted to the commission of two lesser offenses. These lesser offenses, simple assault under Code § 26-1301 and pointing a gun or pistol at another under Code § 26-2908, are both misdemeanors and included in the greater crime of aggravated assault with a deadly weapon. The defendant cannot complain of a verdict which was brought about by a charge which he had requested. *Hopkins v. State,* 119 Ga. 569 (46 SE 835).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JUNE 26, 1978 — DECIDED OCTOBER 5, 1978.

*Lawson & Brown, Robert W. Lawson, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.