## 34270. LAWSON v. THE STATE.

UNDERCOFLER, Presiding Justice.

Lawson was convicted by a jury of theft-by-taking and was sentenced to three years. Upon the payment of a $500 fine, restitution of $279 and serving eight weekends in jail, the balance of the sentence was probated.

1. (a) Appellant challenges the constitutionality of Ga. L. 1964, pp. 2119-2130, providing for the appointment of a jury clerk in counties having a population of 500,000 or more. He contends the Act of 1964 conflicts with Ga. L. 1878-79, p. 27; Ga. L. 1882-83, p. 101 (Code Ann. § 59-104) because it is a special law which conflicts with a general law and which bears no reasonable relationship to the subject matter.

Georgia L. 1964, p. 2119, is not unconstitutional. It is a general law which supplements Ga. L. 1878-79, p. 27 and Ga. L. 1882-83, p. 101 and permits the appointment of a "jury clerk and other personnel" in counties of 500,000 population or more. See *Commrs. &c. of Fulton County v. Davis,* 213 Ga. 792, 796 (102 SE2d 180) (1958); *Abbott v. Commrs. &c. of Fulton County,* 160 Ga. 657 (129 SE 38) (1925). In determining the constitutional issue, we look only to the terms of the Act, not to the Act's operation when passed, and if the classification of the counties to which it is applicable at that time is reasonable and not arbitrary and the class may be enlarged when other counties attain the characteristic of the member of the class, it is not necessarily a special law, though it applies to but one county. *Abbott v. Commrs. &c. of Fulton County,* supra, at p. 662.

(b) Appellant further contends the clerk of the board

of jury commissioners was not sworn at the time the jury lists here were made nor at any later time; that the oath of the chairman of the board of jury commissioners was not properly recorded; and that the failure to abide by the statutory procedures denies appellant due process and violates his constitutional right to trial by jury. We disagree. The evidence shows Jack Thompson, jury clerk, did not receive an oath at the time of appointment; however, he testified he was sworn by the Chief Judge of the superior court at some time after that. Further, Ms. Mattie B. Brown, Chairperson of the Board of Jury Commissioners, testified she did, in fact, take the oath administered by Judge Gunby; however, through inadvertence, the signed oath does not show the judge certified this exhibit. In our opinion, these errors were harmless under the facts of this case. Appellant does not dispute that the board of jury commissioners properly entered into their duties and followed statutory guidelines in selecting the jury lists. There was no denial of due process nor violation of appellant's right to trial by jury. Appellant's complaints that the clerk of the superior court failed to comply with Code Ann. §§ 59-104 and 59-109 are respectively moot under our holding in Division 1 (a) and harmless. See Code Ann. § 59-108.

2. Although the trial court may have failed to consider appellant's motion for appeal bond under the standards in *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1978), the issue is moot because we affirm the conviction.

3. We find no reversible error in the appellant's contentions that the trial court could not require restitution of an amount not set forth in the indictment. The evidence shows that defendant was $79 short in his accounts in addition to the $200 for which the indictment issued. Its restitution was a condition to receiving a probated sentence and first offender status. Likewise we find appellant was not punished for pleading not guilty. The court did not deny first offender status to appellant and did probate the sentence. Appellant could have been ordered to serve the entire term.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 17, 1978 — DECIDED DECEMBER 5, 1978 —

Rehearing denied December 19, 1978.

*Hirsch Friedman, Spencer J. Krupp,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.