## 58604. CRANE v. THE STATE.

DEEN, Chief Judge.

1. "The defendant cannot complain of a verdict which was brought about by a charge which he had requested." *Morrison v. State,* 147 Ga. App. 410 (4) (249 SE2d 131) (1978). This has been held to apply even though the instructions requested are constitutionally infirm. *Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612) (1975). Although we do not agree that on the trial of this defendant by indictment charging him with making terroristic threats, simple assault can never be a lesser included crime, we find no reversible error in the court's instruction on this offense given upon the request of the defendant.

2. "The offense of simple assault is complete if there is such a demonstration of violence, coupled with an apparent ability to inflict injury so as to cause the person against whom it is directed to reasonably fear that he will receive an immediate violent injury unless he retreats to secure his safety." *Hudson v. State,* 135 Ga. App. 739 (1) (218 SE2d 905) (1975). The evidence here shows that the defendant, after calling threats to a group of campers in a public park, directed a shot toward the lake bank in their vicinity, went away, and later returned at the head of a small rabble advancing in the direction of the same group, who were sufficiently alarmed to call on peace officers to protect them. The latter, arriving at about the same time as the defendant and his friends, dispersed the latter and placed him under arrest. The acts were sufficient to cause the campers to retreat and to generate a reasonable fear that the appellant intended to inflict injury on them.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED OCTOBER 31, 1979.

*James C. Carr, Jr.,* for appellant.
*Jeff Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.