61206. STANCIL v. THE STATE.

BIRDSONG, Judge.

Sammy Stancil was indicted for malice murder and convicted of involuntary manslaughter. He was sentenced to serve five years. Stancil brings this appeal enumerating 15 alleged errors. *Held:*

1. In the first three errors discussed, Stancil complains that the trial court erred in allowing three witnesses to testify in rebuttal who had sat in the courtroom throughout the trial and thus testified in violation of the rule of sequestration. We find these enumerations to be without merit. During the presentation of defense witnesses, one testified that he had seen the deceased cleaning his fingernails with a knife. The appellant also testified to the same effect. At the time of the fatal knife assault, appellant maintained that he thought the deceased was reaching into his back pocket to get the knife. This was directly controverted by the state's evidence. It was apparent from the cross examination that the state was not aware until the time of this testimony that anyone had allegedly seen the deceased with a

knife. The deceased's father and mother as well as a friend had all sat in the courtroom throughout the trial. Apparently there had been no intent to call them as witnesses. In rebuttal, the state was allowed to call the deceased's parents to testify that they had never known the deceased to carry a knife. The third witness testified that he had seen the deceased's hands in the mortuary and that the deceased's fingernails were very dirty.

We do not consider the rule of sequestration to have been violated under these circumstances, especially where the prosecutor stated in his place that the witnesses would not have been called except for the belatedly necessary rebuttal. See *Bryan v. State,* 148 Ga. App. 428, 430 (3) (251 SE2d 338). Moreover, even if the rule had been violated, this does not automatically disqualify the witness or render the witness incompetent. The trial court is vested with broad discretion in this regard. We conclude there was no abuse presented in this case. *Pearley v. State,* 235 Ga. 276, 277 (219 SE2d 404). These enumerations lack merit.

2. In enumerations 4, 5, and 14, Stancil complains of three portions of the state's argument. It is urged that the prosecutor improperly made light of the appellant's defenses, that it was improper to argue that appellant killed over a single can of beer; and that the state "feels strongly" that the verdict of guilty should be returned.

We have examined each of these asserted errors in the rather wide limits afforded counsel in an adversarial context and within the evidentiary bounds of the case. "A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." *Terhune v. State,* 117 Ga. App. 59, 60 (159 SE2d 291). What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair. The language used in argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare if there are facts admissible in evidence upon which it may be founded. See *Hightower v. State,* 225 Ga. 681 (3) (171 SE2d 148); *Minor v. State,* 143 Ga. App. 457, 458 (238 SE2d 582). We find the argument of which complaint is made well within permissible bounds. The prosecutor simply argued the evidence and reasonable inferences arising therefrom and asked the jury to return a verdict of guilty. This he may do.

3. In enumerations 6-13, appellant complains of certain omissions by the trial court in its charge to the jury. In each of the omissions, we have examined the requested charge in light of the evidence or the charge actually given. We conclude that either the

trial court gave a similar charge in language that fully covered the requested charge, though not in the exact language requested, or the requested charge was not adjusted to the evidence or was not appropriate in a criminal case (i.e., sudden emergency). See *Burnett v. State,* 240 Ga. 681 (7) (242 SE2d 79); *Howard v. State,* 151 Ga. App. 759, 760 (261 SE2d 483); *McRae v. State,* 145 Ga. App. 122 (243 SE2d 110). There was no error in the charge given.

4. In his last (15th) enumeration of error, appellant argues by way of a motion for new trial that it was error to convict him of involuntary manslaughter based upon the doing of an unlawful act not amounting to a felony. In quick rejection of this enumeration, we note that Stancil requested this very charge. A defendant cannot complain of a verdict which he has specifically requested. *Crane v. State,* 152 Ga. App. 148 (262 SE2d 513); *Morrison v. State,* 147 Ga. App. 410 (4) (249 SE2d 131). We are satisfied on the basis of the evidence before the jury that there was evidence sufficient to satisfy any reasonable jury beyond reasonable doubt of guilt of any degree of homicide from murder to involuntary manslaughter and certainly of the degree as to which the jury returned its verdict in this case. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). This enumeration likewise lacks merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1981 —
REHEARING DENIED MARCH 31, 1981.

*Douglas W. McDonald,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.