## A89A0863. WILSON v. THE STATE.
(383 SE2d 197)

SOGNIER, Judge.

Larry Wayne Wilson was convicted of violating the Georgia Controlled Substances Act by possessing cocaine with intent to distribute, and he appeals.

The evidence adduced at trial, construed to support the jury's verdict, showed that Sgt. Don Weathers of the Bartow County Police Department was asked by Tommy Pruitt, Commander of the Rome Floyd Metro Task Force, to participate in several undercover operations in Floyd County designed to uncover drug sales through the use of confidential informants. On May 29, 1987, one of the confidential informants, who claimed to know that appellant was involved in dealing drugs, arranged a meeting between appellant and Weathers for the purpose of purchasing cocaine. That evening the informant drove Weathers to the parking lot of a local high school and introduced Weathers to appellant when appellant drove up to meet them in his vehicle. Pruitt observed this meeting from his pickup truck parked nearby. Weathers and appellant arranged to leave that location and meet in a less conspicuous place. They drove separately to a prearranged deserted location, where appellant, witnessed by the confidential informant, sold Weathers a substance that was later identified by the State Crime Lab as cocaine. Both Pruitt and Weathers observed appellant's car tag number and positively identified both appellant and his car as the one in the high school parking lot, and Weathers positively identified appellant as the person who sold cocaine to him.

Appellant contends, in his sole enumeration of error, that the trial court erred by refusing to allow appellant to learn the identity of the confidential informant because identity was appellant's sole defense, and the confidential informant was the one who "fingered" appellant as a drug dealer. We do not agree, and affirm appellant's conviction.

" ' "Where a person merely takes an undercover police officer to a location and . . . introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under (OCGA § 24-9-27), but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances." (Cit.)' " *Statiras v. State*, 170 Ga. App. 739, 740 (318 SE2d 156) (1984). The facts in this case show clearly that the confidential informant was merely an informer, thereby distinguishing this case from *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957), cited by appellant. Given the State's interest in retaining

the informant's confidentiality because of other, ongoing investigations and the fact that the evidence as to appellant's identity was overwhelming in that two police officers positively identified appellant, we find no abuse of the trial court's discretion under the facts presented here. See *Statiras*, supra at 740.

Moreover, appellant made no *Brady* motion (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)) or any other motion to reveal the informant's identity, and indicated at trial that he was not interested in the identity of the informant. "Failure to make a timely and specific objection at trial may be treated as waiver on appeal. [Cit.] . . . '[O]ne must assert his rights properly or face the possibility of their being forever lost.' [Cit.]" *Bennett v. State*, 187 Ga. App. 234, 235 (369 SE2d 552) (1988). Accordingly, the trial court did not err by not insisting the State reveal the identity of the confidential informant.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 6, 1989.

*John E. Sawhill III*, for appellant.
*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.