## A90A0663. TAYLOR v. THE STATE.
(393 SE2d 690)

BIRDSONG, Judge.

Appellant, David William Taylor, appeals his conviction of aggravated assault and his sentence.

Appellant leaned through a car window in a shopping center and grabbed a woman about the neck. He began to choke the woman with his hands, held his hands completely around her neck, and tried to push her into the back seat of her car.

Appellant testified he mistakenly thought the woman was his wife and grabbed her by the shoulders; he denied trying to choke her. Appellant made an admission in judicio that even after discovering the woman was not his wife he continued to put his hands on her. *Held*:

1. Appellant claims that the trial court erred in recharging the jury, upon their request, of the law applicable to certain lesser included offenses.

The jury requested recharge on aggravated assault, simple assault, battery and simple battery. The trial court duly recharged as to those crimes. Thereafter a juror asked, "What are our choices as far as that condition?" The trial court responded that he had given "the choices at the end of [his] charge"; and, proceeded to summarize that procedure. Appellant contends that in essence the jury was misled to believe that if they found appellant guilty of one lesser offense, then he would be guilty of aggravated assault.

The recharge of the trial court answered the questions posed by

the jurors. See generally *Shy v. State*, 190 Ga. App. 370 (6) (378 SE2d 920). In determining whether the recharge contained error, it is fundamental that we must look at not only the recharge but the original charge as well, as jury instructions must be read and considered as a whole in determining whether the charges contain error. See *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). " 'Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence.' " *Williams v. State*, 180 Ga. App. 854 (1) (350 SE2d 837). We do not believe that the recharge in this case would mislead a jury of average intelligence, and we find no error.

2. Appellant asserts that the trial court erred in recharging the jury on the law of aggravated assault by including in the recharge the principle "[a]nd hands may or may not be used as . . . an object." Specifically, appellant asserts that recharging in this manner overemphasized the commission of aggravated assault by use of hands. We disagree. Examining the recharge and the original charge in toto, we find that the recharging did not overemphasize the use of hands principle, and ran no fair risk of misleading the jury.

Further, the facts in the case of *Brannon v. State*, 163 Ga. App. 340 (2) (295 SE2d 110) clearly are distinguishable. Particularly, we note that in the case sub judice the language complained of was neutral in effect, favoring neither the State nor appellant, and that the language of which appellant complains was identical to the language contained in the first of two sentences in his request for charge number 12. Appellant's request for charge number 12 incidentally was given verbatim by the trial court in its original charge.

3. Appellant asserts that the trial court erred in denying his motion for mistrial. The State's witness, the alleged victim, in a nonresponsive answer to a question by the prosecutor stated in the presence of the jury that appellant's wife had called her on the phone, and "it was very obvious that she was calling up with his confession."

The trial court immediately instructed the jury "to disregard the statement made by the witness." The trial court subsequently denied appellant's motion for mistrial, and appellant neither requested further curative instructions nor objected to the contents of the curative instruction given.

"Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned." *Holcomb v. State*, 130 Ga.

App. 154 (1) (202 SE2d 529).

In this instance, the remark was not invited by the prosecutor, the answer was made by the victim who was not a trained law enforcement officer, and the nature of the telephone conversation was not revealed but merely appellant's opinion as to its content. Thereafter, the trial court immediately gave the jury a clear and concise curative instruction to disregard the remark. Under these circumstances, and applying the *Holcomb* test, we find that the trial court did not abuse its discretion in denying appellant's motion for mistrial.

4. Appellant asserts that the trial court erred by failing to charge the code section of appellant's sole defense of mistake of fact. We disagree.

First, assuming but not deciding that the defense of mistake of fact has been reasonably raised by the evidence, we note that the record does not contain any written request by appellant for an instruction as to the contents of OCGA § 16-3-5. In the absence of a written request, there is no error in failing to charge on a lesser included offense. See generally *Mosley v. State*, 257 Ga. 382, 383 (2) (359 SE2d 653). Moreover in the case sub judice, appellant made a specific written request for the following lesser included offense instruction on mistake of fact: "I charge you that the honest mistaken belief of a fact may negate criminal intent." This instruction was given verbatim by the trial judge in his charge to the jury. Thus, if there was any error as to the trial court's charge regarding the defense of mistake, it was directly aided and invited by the conduct of appellant. "[A] defendant cannot complain of a verdict which was brought about by a charge which he had requested." *Morrison v. State*, 147 Ga. App. 410 (4) (249 SE2d 131). One cannot complain of a failure to charge that is aided by his own trial tactics, procedures, and conduct. See *Morrison*, supra; *Rush v. Southern Property Mgt.*, 121 Ga. App. 360, 361 (2) (b) (173 SE2d 744).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 2, 1990.

*Hugh E. Smith, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, David Wright, Assistant District Attorney*, for appellee.