A90A0342, A90A0402. HARRIS v. THE STATE (two cases).
(396 SE2d 288)

DEEN, Presiding Judge.

Defendant was convicted of aggravated assault and false imprisonment and appeals. The victim testified that defendant invited her into his apartment and, after chatting with her, restrained her from leaving, forced her to smoke crack cocaine, beat her repeatedly and tore off her clothing. Police officers testified that when they arrived at defendant's apartment in response to a report of domestic violence they observed a woman nude at least from the waist up, standing in the window. She appeared to be badly beaten. She told them she was locked in the room and could not escape. When the officers entered the apartment they discovered the victim totally nude on the bed in the bedroom. She talked to them briefly and then passed out. The apartment was in disarray and blood stains not matching defendant's blood type were found on the window sill, the living room table and a drinking glass. Other stains which appeared to be blood were found on the living room wall. Defendant testified and denied he assaulted the victim. He testified she came to his apartment, smoked cocaine belonging to her against his wishes and tried to rob him of money from a wallet she found in the bedroom. He claims he struggled with

her to get back the wallet. According to defendant, the victim had already been beaten when she arrived at his apartment and told him she had been attacked by someone who claimed she had "ripped him off" for cocaine. Defendant claims she asked to rest in his bedroom and must have taken her clothes off herself.

### Case No. A90A0402

1. The emergency room physician who treated the victim testified and described the victim's injuries and condition upon arriving at the hospital. It was his opinion that the injuries were inflicted shortly before he treated her. Defendant, who was declared indigent, enumerates as error the trial court's denial of his motion for the appointment of a medical expert to assist in his defense. The written motion does not set forth the reasons why such an expert is necessary to his defense, the issues which such an expert would address or the anticipated cost of such services so as to enable the court to assess the need for assistance. See *Roseboro v. State*, 258 Ga. 39 (3) (365 SE2d 115) (1988). On appeal, defendant argues the State's expert witness was not qualified as an expert in the effects of cocaine addiction and defendant should have been afforded the opportunity to present expert testimony on the effect of long-term cocaine abuse on the mind and body and how the condition of a cocaine abuser after a physical beating might differ from the condition of a non-using person. The trial court properly ruled that evidence of the victim's previous use of cocaine was inadmissible. Consequently, expert testimony concerning the effects of cocaine abuse would have been irrelevant and inadmissible. Because the trial court did not abuse its discretion in denying defendant's motion to obtain the services of an expert, its ruling will be upheld. See *Patterson v. State*, 239 Ga. 409 (3) (238 SE2d 2) (1977); *Welch v. State*, 237 Ga. 665 (8) (229 SE2d 390) (1976).

2. We find no error in admitting a photograph of the victim lying nude across the bed. Despite the fact that the investigating officers said they first saw the victim at the window and that she spoke to them before passing out, they also testified that she was nude on the bed when they entered the apartment and that the photograph accurately depicted the scene of the crime at the time they entered. Thus, the photograph was relevant and admissible. See *Putman v. State*, 251 Ga. 605 (3) (308 SE2d 145) (1983).

3. The State moved in limine to preclude at trial any evidence of, or reference to, "prior difficulties which the victim has had with drugs, her subsequent incarceration, or prior contact with any of the law enforcement agencies." The court, in ruling on the motion, considered this to include any evidence about prior cocaine use by the victim. The court substantially granted the State's motion and pro-

hibited defendant from going into anything dealing with her prior use unless he had certified copies of convictions; those could be used to impeach. Testimony about whether she had used cocaine was forbidden.

The court did not disagree with defendant that the victim's prior use or addiction would tend to impeach her memory and her testimony that she was forced by defendant to take cocaine on the night of the incident being prosecuted. It limited it, however, to certified copies of drug convictions. As to cocaine use during the incident, the court considered that part of the res gestae and thus admissible.

The appellant contends that the trial court erred by not allowing him an opportunity to cross-examine the victim, regarding her prior cocaine use, in order to impeach her testimony and establish his version of the facts. We disagree. The trial court did not err in ruling that the defendant could not present evidence of the victim's prior cocaine use other than certified copies of convictions. The general character of a victim and his or her conduct in other transactions are irrelevant unless the nature of the matter at issue is such as to make character and previous conduct relevant. See OCGA § 24-2-2. Whether the victim was addicted to cocaine is irrelevant to the issue of whether defendant assaulted the victim and held her against her will. Furthermore, the trial court's allowance of evidence as to the victim's use of cocaine during the incident gave the defendant sufficient opportunity to establish his version of the facts.

4. Appellant contends that the trial court erred by denying appellant's extraordinary motion for a new trial based on newly discovered evidence in the form of an affidavit by the victim's cousin, stating that the victim told him that her boyfriend was the one who had beaten her, and she did not mention the appellant in relation to the beating. Because this "newly discovered" evidence operates solely to impeach the victim's testimony, the trial court did not abuse its discretion by denying appellant's motion for new trial. See *Dick v. State*, 248 Ga. 898 (2) (287 SE2d 11) (1982).

5. On the second day of trial, one of the jurors came into court with a newspaper that contained an article about the trial. The appellant enumerates as error the trial court's failure to declare a mistrial once it was aware of the incident. We find no merit in this enumeration.

The bailiff took the newspaper from the juror before he read it, and prior to closing arguments, the judge inquired whether any of the jurors had read any articles related to the case. No one responded that he or she had. As such, there was no harm done to appellant; therefore, the trial court did not err by failing to declare a mistrial. Furthermore, appellant's failure to raise this issue at trial is deemed a waiver of this right on appeal. *Wilson v. State*, 191 Ga. App. 833 (383

SE2d 197) (1989).

## Case No. A90A0342

6. "Although the trial court may have failed to consider appellant's motion for an appeal bond under the standards in *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1978), the issue is moot because we affirm the conviction." *Lawson v. State*, 242 Ga. 744, 745 (251 SE2d 304) (1976).

*Judgment in Case No. A90A0402 affirmed; Case No. A90A0342 dismissed as moot. Carley, C. J., McMurray, P. J., Banke, P. J., and Birdsong, J., concur. Sognier, Pope, Beasley and Cooper, JJ., dissent.*

Pope, Judge, dissenting.

I dissent from Division 3 of the majority opinion. The court's broad ruling wrongly precluded defendant's cross-examining the victim about her use of cocaine. He had a right to attempt to impeach her by such questions, as he is entitled to a thorough and sifting cross-examination. OCGA § 24-9-64. Had it been brought out that she was a cocaine user, voluntarily used it that night, and became the aggressor, the jury may have questioned her recollection of the events of the evening in question and may have been persuaded by the defendant's version of events. In this regard her character would be relevant and thus within the exception provided in OCGA § 24-2-2.

I am authorized to state that Judge Sognier, Judge Beasley and Judge Cooper join in this dissent.

## DECIDED JULY 11, 1990.

*Paul O. Cames*, for appellant.
*Edward D. Lukemire, District Attorney, Shelley S. Howard, Assistant District Attorney*, for appellee.