A91A0212, A91A0213. GRIFFIN v. THE STATE.
(405 SE2d 877)

BEASLEY, Judge.

*Case No. A91A0212*

Appellant Danny Eugene Griffin was tried for murder and convicted by a jury of voluntary manslaughter. OCGA § 16-5-2 (a). His appeal follows a denial of his motion for new trial.

1. Appellant's first three enumerations of error invoke the general grounds. The evidence showed that after work one day appellant's boss, Denver Ward, came to appellant's trailer home. Brenda Whitlock, the fiancee of appellant's son, was also visiting the family, and the victim, Doyle ("Sonny") Smith arrived later. After Ward cut appellant's hair, the three men drank a beer each and then drove off to buy more beer. When they returned, the men and Ms. Whitlock moved to the front yard because appellant's wife said their loud conversation was disturbing a sleeping grandchild.

Ms. Whitlock, who was drinking whiskey and cola, became upset when she thought appellant's wife was mad at her, and suffered an epileptic seizure. After regaining consciousness she attempted to leave, packing her belongings and her baby in her car, but appellant stopped her. This led to an argument and appellant slapped her in the face. Upon witnessing this exchange, Smith threatened appellant with a brick or concrete block.

Trying to prevent a fight and separate the two men, Ward was struck hard several times, suffering the loss of several teeth and having some ribs broken and bruised. Appellant ordered Smith to leave but instead he dropped the brick and began to advance toward appellant, who was standing at the door of the trailer. Appellant retrieved a shotgun from just inside the door and, when Smith kept advancing, shot him in the chest and killed him.

"Viewing the evidence in favor of the jury's findings, we find there was clearly sufficient evidence from which a rational trier of fact could find appellant guilty of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [1979]." *Latham v. State*, 195 Ga. App. 355 (1) (393 SE2d 498) (1990).

2. In three enumerations appellant contends that his conviction should be reversed for ineffective assistance of counsel because (a) his attorney failed to allow him to testify, (b) failed to specifically request a charge on aggravated assault as a lesser included offense, and (c) failed to move for a directed verdict of acquittal of malice murder at the conclusion of the State's evidence.

"Georgia has adopted the two part test for effectiveness set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [Cit.] Under the *Strickland* formula, defendants seeking to show that their counsel was ineffective must show: 1) their counsel's performance was deficient and 2) that the deficient performance prejudiced the defense. [Id.] at 687." *Perkins v. State*, 260 Ga. 292, 293-294 (392 SE2d 872) (1990).

(a) At the hearing on appellant's motion for new trial he testified that he had not told his attorney he wished to testify, but that he would have been willing to do so. He was unable to relate any evidence of justification about which he would have testified that differed materially from what was offered by other witnesses. There was nothing to show that the decision not to call him as a witness prejudiced appellant's defense in any way.

(b) There was no evidence requiring a charge on aggravated assault as a leeser included offense, although the judge did charge on aggravated assault as a felony with regard to felony murder. Since the victim was killed the crime was an unlawful homicide, and the evidence showed malice murder, felony murder or voluntary manslaughter, all of which were charged. See OCGA §§ 16-5-2; 16-5-3; *Moore v. State*, 55 Ga. App. 213 (2) (189 SE 731) (1937).

(c) Finally, appellant's claim of ineffectiveness in failing to move for acquittal on the malice murder count is moot in light of his conviction of the lesser offense of voluntary manslaughter. The court did not err in refusing to find ineffectiveness of counsel and grant a new trial on this basis.

3. Appellant's remaining enumerations concern the trial court's failure to give his requested jury charges on involuntary manslaughter, forcible felony, the doctrine of reasonable beliefs and that if they found he was justified in his acts it would be the jury's duty to acquit him; he also asserts that certain instructions were impermissibly burden shifting. None of these enumerations is meritorious.

(a) Appellant recognizes the long line of Georgia cases holding

that where a defendant uses a gun, and the shooting is deliberate but the defendant claims justification as a defense, he is not entitled to a charge on involuntary manslaughter as a lesser included offense. He argues, however, that the circumstances of this case are more like those in *Mullins v. State*, 157 Ga. App. 204 (1) (276 SE2d 877) (1981), where the failure to give the requested charge was held to be erroneous. In *Mullins*, there was evidence that the defendant raised a gun over her head and threatened to use it in self-defense. After the danger subsided, she began to lower the pistol and it fired accidentally, killing the victim.

It is undisputed that appellant intended to shoot the victim, although he claims he did not intend to kill him and the shooting was justified because it was in self-defense. Nevertheless, it is not error to refuse to give a requested charge on misdemeanor involuntary manslaughter where the defendant has caused the death of another by the use of a gun in self-defense. *Moore v. State*, 251 Ga. 499 (3) (307 SE2d 476) (1983).

(b) Appellant complains that the trial court erred in refusing to give his written request to charge the jury the definition of the term "forcible felony" as contained in OCGA § 16-1-3 (6), so as to let them completely evaluate his defense of justification. Since this statutory definition ("any felony which involves the use or threat of physical force or violence against any person") was adequately covered by the court's jury instructions on the principles of the defense of justification, the failure to quote the specific language requested does not amount to reversible error. " ' "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." ' [Cit.]" *Taylor v. State*, 195 Ga. App. 314, 315 (1) (393 SE2d 690) (1990).

(c) In regard to failing to give appellant's requested charge on the doctrine of reasonable belief, the trial court's charge on the defense of justification likewise fully covered all the essential elements. The jury was instructed that "[a] person is justified in threatening or using force against another when and to the extent he reasonably believes that such threat or force is necessary to defend himself or a third person against the other's imminent use of unlawful force." This charge did not, as contended, result in manifest injustice. *Taylor*, supra.

(d) Appellant insists that, despite the current law, the trial court should have instructed the jury that if they found his actions were justified, it was their *duty* to acquit him. This court is without authority to overrule *Lavender v. State*, 234 Ga. 608 (2) (216 SE2d 855) (1973). Thus the trial court did not err in charging the jury that if it

found justification for the appellant's actions, it would be *permitted* to acquit him.

(e) Appellant protests the trial court's charge to the jury that "if you believe the defendant did not commit the act under the instructions that I've given you for the reasons that have been stated, then you would be authorized to find the defendant guilty of one of the three offenses that the court has mentioned." He asserts that this portion of the charge impermissibly shifted the burden of proof on the defendant and led the jury to believe that even if it found the defendant did not commit the acts it must find him guilty of one of the three offenses on which the court charged.

Taken in conjunction with the court's instructions preceding the language objected to, we do not find the charge as a whole to be burden shifting. " 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. [Cits.]' [Cit.] Our review of the transcript shows that the charge, when taken as a whole, properly informed the jury as to the law concerning [the burden of proof]." *Jackson v. State*, 193 Ga. App. 844, 845 (2) (389 SE2d 521) (1989).

*Case No. A91A0213*

4. A hearing was conducted on appellant's motion for a post conviction supersedeas bond and an order issued in accordance with *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976), in which the trial court found that there was no real basis for the appeal from the jury verdict and sentence and denied bond; and that it was frivolous and taken for the purpose of delay only. Appellant contends that because the matters enumerated in error in the main appeal were substantial and extremely prejudicial, the trial court's denial should be reversed and a bond granted during the pendency of the appeal process. However, " 'the issue is moot because we affirm the conviction.' *Lawson v. State*, 242 Ga. 744, 745 (24) (251 SE2d 304) (1978)." *Harris v. State*, 196 Ga. App. 304, 307 (6) (396 SE2d 288) (1990).

*Judgments affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 2, 1991 —
REHEARING DENIED MAY 3, 1991 — 

*Ray C. Smith*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.