A91A1739. EDWARDS v. THE STATE.
(415 SE2d 8)

BIRDSONG, Presiding Judge.

Charlie Edwards was convicted of violating the Georgia Controlled Substances Act. He asserts as error on appeal the trial court's denial of information concerning the identity of the confidential informant in the case. *Held*:

Appellant argues that the confidential informant could have shed some light on the events in question, and that the trial court should have ordered disclosure of his identity so he could be called as a witness. However, according to the evidence, the confidential informant told two undercover narcotics agents he had "set up a buy" of cocaine and accompanied the agents to appellant's place of employment where the agents purchased rock cocaine from appellant. Disclosure of the informant's name and address is not required as a matter of law, but rests in the discretion of the trial court, on balancing the rights of the defendant and the rights of the State under all the facts and circumstances. *Thornton v. State*, 238 Ga. 160 (231 SE2d 729); *Wilson v. State*, 191 Ga. App. 833 (383 SE2d 197). Appellant does not aver what he believed the informant would be expected to testify and asserts he could not know unless the informant's identity was revealed.

Appellant did, prior to trial, file a general *Brady* motion for disclosure of exculpatory evidence (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)), but did not specifically request disclosure of

the informant's identity as was the case in *Thornton*, supra, and did not affirmatively invoke an in-camera determination of the materiality and necessity of the informant's testimony to the defense. See *Tribble v. State*, 248 Ga. 274 (4) (280 SE2d 352). Appellant is deemed to have waived the issue. *Wilson*, supra at 834. When appellant did raise the question in the middle of trial, the trial court stated that under the evidence so far presented the State would not be required to disclose the informant's identity. The trial court also noted that it had examined the file in-camera and found nothing discoverable. We note that the mere possibility that the police testimony might be impeached is not enough to demand disclosure of an informant's identity. *Connally v. State*, 237 Ga. 203, 208 (227 SE2d 352); *Moore v. State*, 187 Ga. App. 387, 390 (370 SE2d 511).

Accordingly, the trial court did not err in refusing appellant's request for disclosure of the informant's identity. On review of the evidence,, we find a rational trier of fact could find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 7, 1992.

*W. Dennis Mullis*, for appellant.

*James L. Wiggins, District Attorney, Cheryl L. Alford, Assistant District Attorney*, for appellee.

