## A92A0963. GUY v. THE STATE.
### (418 SE2d 778)

McMurray, Presiding Judge.

Defendant filed this appeal after her conviction for voluntary manslaughter and possession of a firearm during the commission of a crime. Defendant appeals claiming that the trial court's jury instructions diminished her claim that she shot the victim in self-defense. She also contends the trial court erred in refusing to admit unflattering photographs of the victim into evidence. *Held:*

1. Defendant challenges the trial court's charge that "words accompanied by menaces, though the menaces do not amount to an actual assault, may in some instances be sufficient provocation to excite a sudden, violent and irresistible passion in a reasonable person, and if she acts from such passion and not from malice or any spirit of revenge, then such would constitute voluntary manslaughter." Defendant argues that this instruction confused the jury because it did not inform them that threats, accompanied by menaces, though not amounting to actual assault, may in some instances justify defensive force.

Jury instructions must be read and considered as a whole in determining whether the charge contained error. *Griffin v. State,* 199 Ga. App. 646, 647 (3), 649 (e) (405 SE2d 877). In the case sub judice, the trial court charged the jury that the "State has the burden of proving beyond a reasonable doubt that defendant did not act in self-defense." The trial court also repeatedly, fully and fairly charged on the defense of justification, explaining "that you need not find from the evidence that the deceased actually assaulted the defendant or that such an assault was actually intended." Under these circumstances, we find it highly unlikely that the jury was misled by the trial court's instruction on words and menaces. See *Taylor v. State,* 195 Ga. App. 314 (1) (393 SE2d 690).

2. Defendant contends the trial court erred in refusing to admit a photograph portraying the victim's use of obscene hand gestures, a photograph portraying the victim's one-handed display of what appears to be two partially consumed bottles of beer and photographs portraying the victim's obscene consumption of a cake baked in the likeness of a nude woman. Defendant contends these photographs were relevant to rebut a photograph introduced by the State portraying the victim while casually dressed and smiling while sitting behind the steering wheel of what appears to be a pick-up truck.

"The general character of a victim and his or her conduct in other transactions are irrelevant unless the nature of the matter at issue is such as to make character and previous conduct relevant. See OCGA § 24-2-2." *Harris v. State,* 196 Ga. App. 304, 305 (3), 306 (396 SE2d 288). In the case sub judice, it cannot reasonably be said that

any of the above photographs were relevant to the issues being tried. However, it is equally clear that a photograph depicting the victim's use of obscene hand gestures, a photograph showing the victim's posed drinking displays and photographs portraying the victim's perverse showmanship are not relevant to defendant's claim of self-defense. Consequently, we find no error in the trial court's exclusion of the above described photographs. OCGA § 24-2-2.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 29, 1992 —
RECONSIDERATION DENIED MAY 12, 1992 — 

*Thompson, Fox, Jolliff, Chandler & Homans, Joseph A. Homans,* for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney,* for appellee.