**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 12, 2015**

# In the Court of Appeals of Georgia

A15A1312. NEWMAN v. THE STATE.                    DO-049 C

DOYLE, Chief Judge.

Brandon Newman was convicted of two counts of first degree homicide by vehicle,[1] serious injury by vehicle,[2] driving under the influence of alcohol ("DUI less safe"),[3] driving with excessive blood alcohol concentration ("DUI per se"),[4] and reckless driving.[5] Newman appeals, arguing that (1) the trial court abused its discretion by overruling his motion for mistrial and denying a curative instruction

---

[1] OCGA § 40-6-393 (a).

[2] OCGA § 40-6-394.

[3] OCGA § 40-6-391 (a) (1).

[4] OCGA § 40-6-391 (a) (5).

[5] OCGA § 40-6-390 (a). Newman was acquitted on an open container charge. See OCGA § 40-6-253 (b) (1) (B).

based on the prosecutor's statements about Newman's request for an instruction on a lesser included offense; and (2) the trial court erred by excluding evidence related to Newman's expert's experience. For the reasons that follow, we affirm.

Viewing the evidence in the light most favorable to the verdict,[6] the record shows that in the early morning hours of May 13, 2007, after attending a house party, Newman was driving his truck with Cameron Newman, Mallory Jason, and Sara Boykin as passengers. According to Boykin, beer, alcoholic punch, gelatin spiked with alcohol ("Jell-O shots"), and grain alcohol were served at the party, and Newman admitted to consuming two Jell-O shots and two beers. Boykin did not recall that Newman appeared intoxicated, that he was driving recklessly, or that he was speeding.

After stopping briefly to drop off a fifth passenger, the four were traveling in wet, foggy conditions on Harlem-Grovetown Road followed by another friend, Randy Cook, who drove an SUV. Cook passed Newman's truck, and Newman then successfully passed Cook's SUV, but while Cook attempted to pass Newman again, Newman's truck left the roadway at a curve in the road, slid down an embankment, and struck a tree sideways. Cameron and Mallory died from their injuries, and Boykin

[6] See *Chernowski v. State*, 330 Ga. App. 702, 703 (769 SE2d 126) (2015).

was ejected from the vehicle, sustaining injuries including skull fractures; tinnitus; fractured vertebrae, femur, collarbone, wrist, and hand; and a bruised lung.

The State presented an accident reconstruction expert, who testified that Newman's vehicle was traveling between 74-80 miles per hour when it left the road, and 64.9 miles per hour was the highest speed at which a driver could successfully negotiate the turn.

The State's toxicologist testified that Newman's blood alcohol level was .097 grams per 100 milliliters of blood, and his blood tested positive for the presence of THC, the active ingredient in marijuana.

Newman testified that he was driving at the speed limit of 45 miles per hour, that he did not pass Cook's vehicle, and that Cook's vehicle hit him, leading to the accident, but at trial, Cook denied hitting Newman's vehicle. Newman presented rebuttal witnesses who stated that Cook admitted to causing the accident. Newman also presented the testimony of Ralph Cunningham, an accident reconstructionist, who testified that Newman's vehicle was traveling at about 50 miles per hour when it left the roadway, not 74-80. Finally, Newman presented the testimony of Warren James Woodford, who challenged the State's toxicology report and testified that at

3

the time of the crash, Newman's blood alcohol level was between .047 and .067 grams of alcohol per 100 milliliters.

A first trial resulted in a hung jury. At the conclusion of the second trial, however, the jury found Newman guilty of all the charges except open container. Newman filed a motion for new trial, amended motion for new trial, and second amended motion for new trial in which he raised the two errors enumerated here. The trial court denied the motion, finding that the prosecutor's comment related to the lesser included offense did not result in a fundamentally unfair trial and finding that the evidence related to the expert's experience was properly excluded pursuant to *Dooley v. State*[7] because it related to other methods of measuring a person's blood alcohol.

1. Newman argues that the trial court erred by failing to rebuke the prosecutor, to give a proper limiting instruction, or to grant a mistrial when he objected to the prosecutor's statement during closing that "[n]ow[,] the defense has requested a charge of homicide by vehicle in the second degree," which Newman contends

---

[7] 221 Ga. App. 245, 246-247 (4) (470 SE2d 803) (1996).

constituted injection of facts not in evidence and commented on his guilt or innocence.[8]

>OCGA § 17-8-75 provides [that if] counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender. Pursuant to this Code section, a trial court has an independent duty, after defense counsel's objection, to rebuke the prosecutor, give an appropriate curative instruction, or grant a mistrial in the event that the prosecutor has injected into the case prejudicial statements on matters outside of the evidence.[9]

A prosecutor

>may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard. What the law forbids is the introduction into a case by way of argument of facts which are not in the

---

[8] This type of prosecutor comment has not come before Georgia's appellate courts often, and thus, we have little case law upon which to rely. See *People v. Lungberg*, 2006 Cal. App. Unpub. LEXIS 3676 at *44 (3) (E) (Apr. 25, 2006).

[9] (Footnote and punctuation omitted.) *Holsey v. State*, 316 Ga. App. 801, 804 (2) (729 SE2d 465) (2012).

record and are calculated to prejudice a party and render the trial unfair. The language used in argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare if there are facts admissible in evidence upon which it may be founded.[10]

In this case, although the prosecutor should have refrained from mentioning that Newman requested the lesser included charge, we discern no error in the trial court's failure to give a curative instruction or grant a mistrial based on the prosecutor's statement. The statement came at the end of a discussion of Newman's testimony:

> [THE STATE:] And perhaps the most cruelly ironic twist of the entire trial the defendant had the nerve to get on the stand and say all of this prosecution is just not fair. It's not fair. Mallory Jason lost her life. Cameron Newman lost his life. Sarah Boykin will never be the same. The defendant was drinking that night. He was reckless that night. And he has the gall to sit on this chair and tell you this ain't fair to him. Give me a break. This is unfair to a lot of people. This isn't fair to that family. This is unfair to that family. And God bless them as they deal with this emotion. But they've got one person to blame[,] and he's sitting in that chair. And you know what, it is his fault. And it is time for him to be accountable for it. He won't make himself accountable, you have that chance.

---

[10] (Citations and punctuation omitted.) *Stancil v. State*, 158 Ga. App. 147, 148 (2) (279 SE2d 457) (1981).

Now the defense has requested a charge of homicide by vehicle in the second degree. And let's explain a little bit about what that is. It's a lesser included offense of homicide by vehicle in the first degree. And what you would need to do in your verdict is find him guilty of either homicide by vehicle in the first degree, homicide by vehicle in the second degree, or not guilty.

At this point, the defendant interposed an objection. The prosecutor resumed his closing again before the defendant interposed another objection, and the court took a recess. The trial court declined to give a curative instruction because the court believed that "sometimes curative instructions really bring more emphasis to a particular area and the harm outweighs the benefit." The trial court determined that the general instruction about the court being the instructor on the law would be the best answer to the objection "[b]ecause if [the court] give[s] that instruction and then [the court] get[s] into what [the defense attorney] was saying about [what the prosecutor is] saying the judge is going to tell you this and the judge is going to — it just could create a quagmire and I'd rather not do that."

"The type of instruction that is necessary after the prosecuting attorney makes a statement about a prejudicial matter not in evidence will vary depending upon the prejudicial impact of the prosecutor's statement, with specific instructions being

necessary in particularly prejudicial cases, and general instructions sufficing in most cases."[11] Although a failure to give a more specific instruction or grant a mistrial can constitute reversible error, "the error is subject to application of harmless error analysis."[12]

Although Newman is correct that there was a great deal of evidence presented in his defense, the statement at issue was a passing reference only and still unlikely to have caused a different result in the verdict. The trial court provided valid reasons to avoid a specific instruction on the issue in its oral ruling, including protential confusion to the jury and prejudice to the defendant. Moreover, the trial court instructed the jury generally on the requirement that the State prove every element of a crime, that the statements made by the attorneys were not evidence in the case, and that only the court itself could instruct the jury on the law. Finally, Newman completely denied driving recklessly during his testimony at trial, and thus, Newman did not assert the lesser included as a defense. Based on the foregoing and the evidence presented by the defense in support of the jury's verdicts, it is highly

[11] (Punctuation omitted.) *Jones v. State*, 292 Ga. 656, 662 (2) (740 SE2d 590) (2013).

[12] (Punctuation omitted.) *Walker v. State*, 281 Ga. 521, 524 (5) (640 SE2d 274) (2007).

probable that any error on the part of the trial court in failing to instruct the jury further regarding the statement did not contribute to the guilty verdict.[13] Accordingly, there is no merit to this enumeration of error.

2. Newman next argues that the trial court improperly barred him from introducing evidence that his expert witness on blood alcohol testing helped end the use of the Intoximeter 3000. As the State argues in response, however, the toxicologist tested Newman's blood using gas chromatography, and the trial court did not abuse its discretion by preventing potentially confusing testimony regarding another testing method, which the State did not employ in this case.[14] The trial court allowed the expert to attack the toxicologist's methodology, and he was able to provide his own opinion as to Newman's blood alcohol limit, which he opined was

---

[13] See id.

[14] See OCGA § 24-4-1 (2012) ("Evidence must relate to the questions being tried and bear upon them either directly or indirectly; irrelevant matter should be excluded."); *Viau v. State*, 260 Ga. App. 96, 98-99 (2) (579 SE2d 52) (2003) (physical precedent only) ("The decision to exclude expert testimony lies within the trial court's sound discretion, and this court will not disturb it absent a clear abuse of discretion."). See also *Dooley*, 221 Ga. App. at 247 (4) ("Cross-examination regarding [one testing mechanism] would be irrelevant in a case where only [another testing mechanism] was utilized.").

lower than the level testified to by the State's witnesses. Accordingly, we discern no abuse of discretion.

*Judgment affirmed. Phipps, P. J., and Boggs, J., concur*.