## 67529. STATIRAS v. THE STATE.

BENHAM, Judge.

Appellant was convicted of the offense of selling marijuana and bases his appeal on the contention that the trial court erroneously refused to require the disclosure at trial of a confidential informant's identity.

The evidence at trial revealed that two GBI agents and a confidential informant went together in an agent's car to appellant's house. Appellant exited the house and was introduced to the agents

by the informant. When one of the agents inquired if appellant had any marijuana, appellant stated that he did not have any marijuana but that he would take them to get some. Appellant telephonically arranged a meeting with an apparent drug supplier and directed the agents to an unmarked road. Appellant exited the agent's car and walked over to a van that had stopped on the side of the road. He returned with two bags of marijuana and gave one bag to an agent. The agent paid appellant for the marijuana, and the appellant then delivered the money to the occupants of the van. Appellant denies any contact whatsoever with the agents.

At trial, the agents refused to reveal the identity of the informant who had introduced them to appellant. Appellant argues that the trial court should have forced the disclosure of the informant's identity because he was a "decoy" and his identity was therefore not privileged. See *Crosby v. State*, 90 Ga. App. 63, 64 (82 SE2d 38) (1954).

" 'Where a person merely takes an undercover police officer to a location and . . . introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a "decoy" and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under [OCGA § 24-9-27], but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances.' [Cit.] The trial court in the instant case was faced with this exact factual situation and exercised its discretion in determining that the witness need not disclose the identity of the informer. We find no abuse of the court's discretion under the facts and circumstances of this case." *Miller v. State*, 163 Ga. App. 889, 890 (296 SE2d 182) (1982).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 12, 1984 — REHEARING DENIED APRIL 27, 1984.

*Glenn Whitley*, for appellant.
*Thomas H. Pittman, District Attorney*, for appellee.