### 41102. HOOKS v. THE STATE.
(317 SE2d 531)

MARSHALL, Presiding Justice.

George Edwin Hooks appeals from his conviction of the 1982 malice murder of Cynthia M. Driggers, for which he was sentenced to life imprisonment.[1]

1. In the fourth enumeration of error, the appellant contends that the verdict was contrary to law, contrary to the evidence and strongly against the weight of the evidence.

There was evidence adduced at trial which authorized a rational trier of fact to find as follows. The appellant and the victim had spent most of the day of the murder drinking. The two had been involved in some kind of argument over the victim's children, which had placed the appellant in a depressed state. The appellant had previously threatened both friends and his ex-wife in similar situations by pointing a rifle at them, and specifically by placing a rifle in the face of his ex-wife. Within a few minutes before the shooting, the appellant told the victim's mother that he had a loaded gun and was going straight to Hell. The victim here was shot by a high-powered rifle while the rifle was in contact directly with her chin. The appellant was the only one present other than the victim, and had blood on his clothing. The appellant contends that the shooting was an accident, that the victim had grabbed the rifle from his hands, and that the gun had gone off while it was in her hands. However, evidence was introduced that, while the surface of a rifle is a good surface from which to obtain fingerprints, no such fingerprints were found on the rifle. The appellant testified that he had loaded the rifle in his bedroom, but he could not account for the fact that a cartridge was found in the dining room, where the victim was shot. Nor could the appellant explain how the rifle which killed the victim wound up leaning against the side of the wall at the scene of the crime. Neither could the appellant remember or explain how the rifle came to be under the victim's chin or what caused it to fire when in that position.

The evidence authorized the verdict and judgment under the

---

[1] The crime was committed on October 24, 1982. The jury returned its verdict of guilty on August 4, 1983. A motion for new trial was filed on September 1, 1983, heard on February 20, 1984, and overruled on February 22, 1984. Notice of Appeal was filed on March 21, 1984. The transcript of evidence was filed on April 9, 1984. The record was docketed in this court on April 27, 1984. After briefing, it was submitted for decision without oral argument on June 8, 1984.

standard of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In the first enumeration of error, the appellant contends that the trial court erred in admitting evidence concerning other similar crimes allegedly committed by the appellant.

"We begin with the general rule that in the trial of a crime, evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. See [OCGA § 24-2-2]. See also, *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952). However, exceptions to the rule have developed over the years so that now there are times that evidence of other crimes committed by the defendant can be admitted for limited purposes.

" '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976). Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. (Cits.)' *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977)." *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980). Similar crimes may also show common design, modus operandi, etc., *Lyles v. State*, 215 Ga. 229 (109 SE2d 785) (1959), and malice and motive. *Lenear v. State*, 239 Ga. 617, 619 (3, 4) (238 SE2d 407) (1977).

Witness Sehler testified to two prior occasions (one of which being two months and the other only two weeks prior to the present crime) on which the appellant, in an intoxicated state, had come to the witness' residence and threatened the witness and others by pointing a loaded, cocked shotgun at them. This evidence was admissible to show a common course of conduct and state of mind of the appellant in a time frame substantially close to the date on which the murder occurred, i.e, being drunk and in an argumentative state, and threatening persons with a gun.

For the same reason, it was proper to admit the testimony of Ms. Haney, the appellant's ex-wife, to the effect that the appellant had, on three occasions, had an argument with her while intoxicated, during which the appellant had pointed a loaded gun at her. On one occasion he had pointed the gun at her face from a distance of a few inches, and on another occasion, the gun had discharged.

Furthermore, at the conclusion of the testimony of both of these witnesses, the trial judge specifically instructed the jury that the evi-

dence they had given was only "admitted into evidence for the limited purpose of aiding in identification, illustrating the state of mind, plan, motive, intent, and scheme of the accused, if in fact it does to you."

3. Enumerated error No. 2 is the trial court's permitting the state to cross-examine the appellant regarding the state's introduction of evidence of similar transactions.

OCGA § 24-9-64 provides that all parties to a criminal proceeding are entitled to a thorough, sifting cross-examination as to the witnesses called against him. "The scope of cross examination rests largely within the discretion of the trial judge, and his discretion will not be controlled by the reviewing court unless abused." *Dampier v. State*, 245 Ga. 427, 435 (12) (265 SE2d 565) (1980) and cits. If a defendant testifies, he may be cross-examined by the prosecution like any other witness. *Kessel v. State*, 236 Ga. 373, 374 (3) (223 SE2d 811) (1976).

We have upheld, in Division 2 hereinabove, the admission in evidence of the similar transactions, to demonstrate a common course of conduct. Thus, the issue was relevant to the case, and the appellant could be cross-examined concerning those prior actions of the appellant. Furthermore, the appellant admitted on cross-examination that he had gone over to witness Sehler's house with a gun on two occasions, looking for a Mr. Owens as the result of an argument. The appellant also testified on cross-examination that he had not threatened his ex-wife with a gun, and was allowed to explain the circumstances surrounding the incidents to which the ex-wife testified.

The appellant has failed to demonstrate any abuse of discretion in the area of cross-examination.

4. In enumerated error No. 3, the appellant designates as error the trial court's denial of his motions for mistrial, on the ground that the court had allowed the state to indirectly introduce evidence which prejudiced the appellant by allegedly introducing his character as an issue.

During the direct examination of Ms. Brewer, a witness for the prosecution, the district attorney asked the witness whether anyone had asked her not to tell what she knew. The witness replied that she had told the appellant's mother that she "did not want to get involved in everything, and she said that that was the best thing, you know, stay out of it." Upon the appellant's objection, the trial court instructed the jury that he was sustaining the objection and that they should disregard it. Upon the prosecution's repeating the same question later on in the trial, the appellant objected, and again the trial court sustained the objection and gave a curative instruction to the jury. When this same question was asked yet again, no objection was made, and the witness answered the question. The appellant did ob-

ject to the prosecution's question, "But there are times when his sister and his mother would not stay inside the same house with him, is that correct?" At that point, the trial court warned the prosecution that, in light of new case law, he could be possibly approaching the point of placing the appellant's character in issue, whereupon the prosecutor ceased questioning the witness.

We agree with the trial court's assessment of the line of questioning; however, even if the questions be considered as having placed the appellant's character in issue, the trial judge gave curative instructions to the jury upon each repetition of the question. Moreover, the prosecution discontinued this line of questioning promptly upon the judge's warning. Furthermore, it is highly improbable that this line of questioning influenced the outcome of the case, in view of the strong weight of the evidence against the appellant, as discussed in Division 1, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1984.

*Kenneth D. Feldman,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.