## 45904. DUKES v. THE STATE.
(375 SE2d 35)

HUNT, Justice.

Larry Lee Dukes was convicted in Fulton County of the murder of Lillian Brown, his common-law wife, and was sentenced to life in prison.[1] On appeal,[2] he asks us to consider whether his character was impermissibly placed in evidence through the testimony of two rebuttal witnesses and whether evidence which would impeach two of the state's witnesses was improperly concealed from him by the state.

The jury was authorized to find that Dukes exited a bar in Atlanta between 11:30 p.m. and 12:00 a.m., and confronted the victim, who, along with three of Dukes' acquaintances, was sitting on a wall beside the bar. Dukes asked the victim if he could talk to her for a minute and she walked off with him, a short distance from the wall. He then asked where his cocaine was, pulled a pistol from beneath his shirt, shot her point blank in the head while stating, "You don't believe I will kill you, bitch."

1. The evidence, viewed in the light most favorable to the jury's determination, would authorize a rational trier of fact to find the defendant guilty, as charged, beyond a reasonable doubt. *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. To rebut the defendant's testimony that he had not previously threatened to kill the victim, that he could not recall beating her two weeks before the killing, that he did not own a weapon and that he never used cocaine, the state offered the testimony of the police officer who had arrested Dukes for assaulting the victim. That officer testified that Dukes initially resisted arrest but later apologized for his behavior which he, Dukes, attributed to his use of cocaine. The officer also stated that Dukes was tested for drugs at the hospital and may have been charged with possession of cocaine. Another rebuttal witness testified that Dukes told her he would kill his wife with his own .38 caliber pistol.

Dukes argues that such testimony is irrelevant and impermissibly placed his character in issue. In spite of incidentally placing defendant's character in issue, this rebuttal testimony was clearly admissible to show previous difficulties between Dukes and the victim and to rebut specific statements made by Dukes. See *Cannon v. State*, 257 Ga.

---

[1] The killing in this case occurred on June 26, 1987; the defendant was indicted on August 21, and tried by jury on October 12, 1987. The transcript was certified on December 3, and a motion for new trial filed on December 12, amended on March 24, 1988, and denied on May 9. His notice of appeal was filed by new counsel in the trial court on June 2, and docketed here on June 21. The case was argued and submitted for decision on September 14, 1988.

[2] The defendant's motion to amend by deleting his first enumeration of error is granted.

475, 478 (360 SE2d 592) (1987), *Williams v. State*, 257 Ga. 761, 762 (363 SE2d 535) (1988), and *Hooks v. State*, 253 Ga. 141, 143 (317 SE2d 531) (1984). Assuming the officer should not have volunteered the information about the drug test and possible cocaine charge, we find those statements harmless in light of the other evidence offered in rebuttal.

3. The defendant argues, on appeal only, that the state was under a duty to disclose the criminal records of two eyewitnesses to the crime. The fact that one of the witnesses had been convicted of aggravated assault and was serving a prison sentence at the time of trial was revealed during his direct examination by the state. Nowhere in the record before us is there any indication that this witness was also convicted of burglary, nor does the record reflect any prior convictions of the other witness. No Brady motion was filed and the trial court was not otherwise put on notice of this complaint.[3] We thus decline to review this contention.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1989.

*Philip Louis Ruppert*, for appellant.

*Lewis R. Slaton*, District Attorney, *R. Andrew Weathers*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Leonora Grant*, for appellee.

---

[3] For example, it was neither argued at trial nor addressed in the motion for new trial.

[4] We do note, however, that the defendant has failed to demonstrate that the prosecutor was obligated to furnish these "convictions", or that their existence for impeachment would have altered the outcome of the trial. See *Brady v. Maryland*, 373 U.S. 83 (83 SC 1194, 10 LE2d 215) (1963), *Hicks v. State*, 232 Ga. 393, 395 (207 SE2d 30) (1974), and *Dickey v. State*, 240 Ga. 634, 636 (242 SE2d 55) (1978).