## A90A1037. THE STATE v. BAKER.
(397 SE2d 554)

CARLEY, Chief Judge.

Appellee was arrested and charged with operating a vessel while under the influence of alcohol in violation of OCGA § 52-7-12. He filed a pre-trial motion to suppress. The trial court conducted a hearing on appellee's motion and made the following findings of fact: Appellee was stopped while operating his boat in a congested area of the lake. The attention of the officers was drawn to appellee because he had a beer in his hand and was not looking straight ahead. However, appellee was nevertheless operating the boat at a slow, safe speed and "there was no testimony from anyone that the manner of operation, i.e., the movement of the boat, was in any way out of the ordinary."

On this evidence, the trial court concluded as follows: "[W]hile the situation seemed like a possibly dangerous one, there was no indication before the stop that [appellee] could not handle the situation. If we had the identical circumstances such that a person was driving [his car] in heavy traffic at a safe speed, an officer sees the driver with a beer can, looking at the side of the road, but the car remaining where it was supposed to be, there would be no question but that there was no reasonable, articulable suspicion to stop the driver. Until the legislature passes an open container law, the mere presence of an alcoholic beverage would not meet the appropriate legal test." Based upon this conclusion, the trial court granted the motion and suppressed the results of an intoximeter test of appellee's breath and the officers' testimony regarding appellee's intoxicated condition. The

State appeals from the trial court's grant of appellee's motion.

Merely observing a can of beer in the hand of one who is otherwise driving a car or operating a boat in a safe manner may not, in and of itself, constitute *probable cause* to believe that a violation of OCGA § 40-6-391 (a) or OCGA § 52-7-12 (a) *is* occurring so as to authorize an immediate *arrest*. However, the issue of whether such an observation may, in and of itself, constitute an *articulable suspicion* that such a violation *may* be occurring so as to authorize a brief investigatory *stop* is an entirely different matter. " 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow . . . a criminal to escape.' [Cit.]" *State v. Webb*, 193 Ga. App. 2, 4 (1) (386 SE2d 891) (1989). " '[R]easonable suspicion of criminal activity warrants a temporary seizure for the purpose of questioning limited to the purpose of the stop.' [Cits.]" *Jones v. State*, 187 Ga. App. 421, 423 (370 SE2d 784) (1988). "An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. [Cits.]" *United States v. Cortez*, 449 U. S. 411, 417 (IIA) (101 SC 690, 66 LE2d 621) (1981).

A violation of OCGA § 40-6-391 or OCGA § 52-7-12 is not *necessarily* dependent upon the unsafe operation of a car or boat. Subsection (a) (4) of OCGA § 40-6-391 and subsection (a) (4) of OCGA § 52-7-12 prohibit operation of a car or boat by one whose blood-alcohol level is .12 percent or greater. "Impaired driving [or boating] ability is not a 'fact necessary to constitute the crime' established in subsection (a) (4). [Cit.] Subsection (a) (4) simply sets out an alternative method of proving the crime established by [OCGA § 40-6-391 and OCGA § 52-7-12]." *Lester v. State*, 253 Ga. 235, 237-238 (2) (320 SE2d 142) (1984). Accordingly, the trial court's grant of appellee's motion to suppress is based upon an erroneous legal conclusion. Contrary to the trial court's ruling, merely observing a can of beer in the hand of one who is otherwise driving a car or operating a boat in a safe manner *does*, in and of itself, constitute an *articulable suspicion* that a violation of OCGA § 40-6-391 or OCGA § 52-7-12 *may* be occurring so as to authorize a brief investigatory *stop*. Even though such an observation may not demonstrate probable cause to believe that such a violation is actually occurring, it does demonstrate an articulable suspicion warranting further investigation into whether the imbibing operator of the car or boat nevertheless has a blood-alcohol level of .12 percent or greater. "The legislature, in enacting subsection[s] (a) (4) [of OCGA § 40-6-391 and OCGA § 52-7-12], is not declaring that everyone who has a blood-alcohol count of .12% or higher will be impaired in his driving [or operation of a boat], or that everyone with a lower percentage can drive [or operate a boat] safely. The statute[s] [re-

present] the judgment that the public interest will be best served if no one with such a high blood-alcohol count drives [or operates a boat]." *Lester v. State*, supra at 238, fn. 5. Having observed appellee holding a can of beer while operating a boat, the officers were not required to shrug their shoulders and allow a possible violator of OCGA § 52-7-12 (a) (4) to escape.

Moreover, even if the observation that appellee had a can of beer in his hand while operating a boat were not, in and of itself, a sufficient articulable suspicion to authorize a brief investigatory detention, the trial court nevertheless erred in granting the motion to suppress. At the time that appellee was observed with a can of beer in his hand, he was also looking in a direction other than that in which he was steering the boat. These observations were made in a congested area of the lake where there had been "an awful lot of accidents . . ., fatalities and a lot of boat damage and so forth. . . ." Under these circumstances, the officers were clearly authorized to determine whether appellee's failure to keep a lookout ahead was a momentary lapse in his attentiveness warranting a mere reprimand as to boating safety or was a manifestation of his intoxication warranting his arrest for boating under the influence. See generally *Edwards v. State*, 169 Ga. App. 958 (1) (315 SE2d 675) (1984).

The facts, as found by the trial court, did not authorize the grant of appellee's motion to suppress but demanded the denial of that motion. Accordingly, the trial court's order must be reversed.

*Judgment reversed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 19, 1990 —

*Lydia S. Jackson, Solicitor, Graham McKinnon IV, Assistant Solicitor*, for appellant.

*Spix, Krupp & Reece, Mark Van Spix*, for appellee.