## A90A0912. MILSAP v. THE STATE.
### (397 SE2d 168)

COOPER, Judge.

Appellant was convicted by a jury of two counts of selling cocaine. On two separate occasions, an undercover GBI agent, Agent Linton, purchased cocaine from appellant during an undercover police and GBI investigation. On each occasion, Agent Linton was accompanied by another undercover GBI agent and a confidential informant. Agent Linton conducted the drug sales with appellant and the confidential informant supplied the agents with appellant's name as the person who had sold the drugs. The informant did not participate in the drug sales but was present during the sales. The other agent, different for each sale, was also present during the sales. After the sales, appellant's name was transmitted to a local police officer who performed a background check on appellant and obtained a photograph of him. Sometime later during the ongoing investigation, Agent Linton viewed the photograph and identified appellant as the person who had sold him the cocaine. The officers involved in the investigation testified that the photo identifications occurred usually within two or three days from the actual sale, although Agent Linton testified that he could not recall the length of the intervening time period.

Agent Linton and the other two agents identified appellant at trial as the seller of the cocaine. Appellant contended at trial that there had been a misidentification of him as the seller of the cocaine, and testified that, although he did at one time own a jacket similar to the distinctive purple letterman's jacket that had been worn by the seller, he had given this jacket to his cousin. Appellant also testified that other items of clothing worn by the seller were owned by his relatives. At a pre-trial hearing appellant requested that the confidential informant be subpoenaed and required to testify at trial in order to show the possibility that incorrect information was given to the agents. In the absence of the informant at trial, appellant requested that the jury receive evidence regarding the informant's previous convictions for giving false information to law enforcement officers. The

trial court ruled that the identity of the informant could not be revealed and that the credibility of the informant was irrelevant since the agents made an independent identification of appellant. The court did not allow the jury to receive any evidence on the credibility or reliability of the informant.

1. Appellant's first three enumerations of error all relate to the issue of the credibility of the informant. Specifically, appellant alleges that the court erred in: 1) refusing to admit evidence that the person supposed by appellant to be the informant had been previously convicted of giving false names to law enforcement officers, 2) refusing to allow the GBI agents to be cross-examined in front of the jury on whether it would make a difference in their identification of appellant if the agents knew of the informant's convictions and 3) refusing to allow testimony that appellant had tried to locate and subpoena the individual he suspected to be the informant. "Public policy inhering in the need to protect an informer and to encourage information is so strong that it may, in particular circumstances, outweigh a defendant's right to summons a witness. . . . [Cit.] Therefore, there are particular requirements placed upon the defendant to justify identifying or summonsing the informer." *Smith v. State*, 192 Ga. App. 144 (1) (384 SE2d 677) (1989). " ' "Where a person merely takes an undercover police officer to a location and . . . introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under (OCGA § 24-9-27), but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances." ' " *Statiras v. State*, 170 Ga. App. 739, 740 (318 SE2d 156) (1984). Thus, at an *in camera* examination, the judge must balance the government's need for nondisclosure and non-exposure against the defendant's need for disclosure or production of the witness. *State v. Mason*, 181 Ga. App. 806, 812 (4) (353 SE2d 915) (1987). In *Moore v. State*, 187 Ga. App. 387, 388 (2) (370 SE2d 511) (1988), the court held that the informant's testimony could be compelled when the informant is " 'the only witness in a position to amplify or contradict the testimony' of the appellant and the police officer. [Cit.]" Id. at 391. That court also held that if the informant's testimony is wanted for impeachment purposes only, such testimony could not be compelled. Id. at 390-391. In the instant case, the judge carefully examined the circumstances and balanced the competing interests of the parties. The informant, although not merely a decoy, was not the only witness to the drug sales, and appellant sought his testimony for impeachment and credibility purposes. The judge acknowledged that since Agent Linton had made an independent iden-

tification of appellant through the photograph, the credibility of the informant in making the first identification was irrelevant. Further, the other two witnesses to the drug sales were available at trial to amplify or contradict the testimony of Agent Linton and the defendant. See *Ponder v. State*, 191 Ga. App. 346 (381 SE2d 534) (1989). The trial judge properly performed his duty of balancing the interests of the parties and did not abuse his discretion in disallowing any testimony or evidence relating to the credibility, reliability or availability of the informant. Appellant's first three enumerations are without merit.

2. Appellant next contends that the court erred in failing to grant a mistrial when the state sought to elicit evidence that the police had a "mug shot" of appellant on file. The state asked a police officer if he routinely maintained photographs and inquired where he got the picture of appellant that he showed Agent Linton. The witness never answered the question and the judge instructed the jury to disregard the questions. " '(T)estimony that a criminal defendant's name and picture are on file with a police department does not put that defendant's character in issue' [Cit.]. . . ." *Kirkland v. State*, 173 Ga. App. 687, 688 (5) (327 SE2d 808) (1985). Further, the admission of the photograph of appellant did not indicate that appellant was guilty of any previous crime and was not in error. *Dorsey v. State*, 183 Ga. App. 409 (1) (359 SE2d 195) (1987). The trial court did not err in denying appellant's motion for a mistrial.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 10, 1990.

*Roland H. Stroberg*, for appellant.

*C. Andrew Fuller*, District Attorney, *C. David Turk III*, Assistant District Attorney, for appellee.