## A91A0303. JOSEY v. THE STATE.
(406 SE2d 125)

BEASLEY, Judge.

Appellant was convicted of distributing cocaine. OCGA § 16-13-30 (b). He appeals, enumerating that the trial court erred in failing to require the State to reveal the identity of a confidential informant and that the evidence is insufficient to support the verdict.

Two GBI agents, Harper and Buggage, were conducting an undercover narcotics investigation in Laurens County. One evening they, along with a local resident acting as a confidential informant, were driving in the area of a housing project in Dublin. They saw an individual on the street later identified as appellant, Ronnie Josey. The informant told them to stop the car and summoned Josey, asking him if he had anything. He stated "he had two pieces, referring to two pieces of crack cocaine to sell. And he would let them go for twenty dollars." He took from his pocket a small plastic matchbox-size box and opened it. Inside were two small pieces of crack cocaine. The GBI agent gave Josey the 20 dollars, and Josey gave the agent the cocaine.

Josey was arrested about a month later. He was taken to jail and was interviewed by a GBI agent in the presence of a county law enforcement officer. After signing a written waiver-of-rights form, Josey gave an oral statement reduced to writing by the agent and signed by the agent, the officer, and Josey. Josey stated that "about a month ago I was on the corner with some friends in Jones Village when a car pulled up with a black male and two black females in it. They wanted to purchase some crack. I took one rock of crack from a black male named 'June bug' and gave it to Ulysses Morris. Morris then sold it to them for $20.00. This statement is the full truth and I give it freely and voluntarily."

At trial, Josey denied making the foregoing statement. He testified that at the time in question he was walking down the street, and June Bug Channell called him and told him to hand something to Gladys Ingram. By the time Ingram had gotten there, another fellow came up and said he would give it to her. He gave the substance to the other fellow and left. Contending that he never met the GBI agents and he never sold cocaine to anyone, appellant's defense was misidentification.

Appellant was positively identified by both GBI agents, whose testimony was corroborated by the oral statement given by appellant in the presence of two other law enforcement officers.

1. During appellant's cross-examination of one GBI agent, the trial judge sustained an objection to a line of questions through which defendant sought the disclosure of the identity of the confidential informant. The ruling is enumerated as error.

When a confidential informant takes an undercover police officer

to a location and introduces the officer to the defendant, from whom the undercover officer purchases contraband, and the informant merely witnesses the sale, the informant is not a "decoy" or "informant-participant." See *Moore v. State*, 187 Ga. App. 387, 389 (2) (370 SE2d 511) (1988). The disclosure of such informant's identity rests in the discretion of the trial judge, balancing the rights of the defendant against the rights of the State under all the facts and circumstances of the case. *Milsap v. State*, 196 Ga. App. 820 (397 SE2d 168) (1990); *Statiras v. State*, 170 Ga. App. 739, 740 (318 SE2d 156) (1984). "Where the disclosure of the informant's identity would at most serve only to furnish possible testimony impeaching the officer's testimony, disclosure of the informant's identity is not required." *Black v. State*, 154 Ga. App. 441, 442 (2) (268 SE2d 724) (1980). Compare *Taylor v. State*, 136 Ga. App. 31 (3) (220 SE2d 49) (1975), concerning an "informant-participant" who has made arrangements for the sale of contraband with the defendant, under circumstances unknown to anyone other than the informant and the defendant, with the defendant pleading entrapment.

In this case, as in *Milsap*, the informant's testimony was sought in order to impeach the undercover officers' identification of defendant. Evidence as to the identification of the defendant was presented through the testimony of multiple witnesses.

Although appellant argues that the court should have conducted an in-camera hearing, he did not seek such at the trial. See *State v. Mason*, 181 Ga. App. 806, 812 (4) (353 SE2d 915) (1987).

Furthermore, as in *Hatcher v. State*, 154 Ga. App. 770, 772 (270 SE2d 16) (1980), the defense had some knowledge of the identity of the other individual who was in the presence of the undercover officers at the time of the drug buy and could have subpoenaed the person.

The trial court did not abuse its discretion in refusing to order the disclosure of the identity of the confidential informant.

2. In determining the sufficiency of the evidence in a criminal case, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Jackson v. Virginia*, [443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979)]. On appeal of a criminal conviction, the evidence is to be viewed 'in the light most favorable to the prosecution' (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant." (Emphasis in original; footnote omitted.) *Adams v. State*, 255 Ga. 356 (338 SE2d 860) (1986). The evidence was sufficient.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellant.
*Ralph M. Walke, District Attorney*, for appellee.