## A92A0497. HUNT v. THE STATE.
(420 SE2d 656)

COOPER, Judge.

Appellant was convicted by a jury of the sale and distribution of cocaine and sentenced to life imprisonment pursuant to OCGA § 16-13-30 (d). He appeals from the judgment and sentence entered on the conviction and from the denial of his motion for new trial.

The evidence reveals that the Georgia Bureau of Investigation conducted a long-term undercover drug investigation whereby agents made undercover drug buys over an extended period of time but made no arrests until the conclusion of the investigation. During one such drug buy, an undercover agent accompanied by a confidential informant went to a house previously identified by the informant as a location where drugs could be purchased. The agent and the informant went around to the back of the house where several persons were standing around talking. As they approached, a man standing in the doorway to the house asked them what they wanted. The informant told the man that the agent wanted to purchase $100 worth of crack cocaine to sell. The agent then accompanied the man to an area away from the confidential informant and the other persons who were in the yard. The agent gave appellant $100 in exchange for a package of crack cocaine. The confidential informant did not see the transaction take place but subsequently told the GBI that appellant was the man from whom the agent purchased the cocaine. The agent identified appellant in a photographic lineup, as well as at trial, as the man from whom he purchased the cocaine.

1. Appellant contends that the trial court erred in failing to require the State to disclose the identity of the confidential informant prior to trial or in conducting an in camera interview with the informant to determine the materiality of the informant's testimony. In *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957), the Supreme Court set forth the following standard for determining when to limit the government's privilege to withhold the identity of a confidential informant: "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. The balancing test of *Roviaro* was embraced by our Supreme Court in *Connally v. State*, 237 Ga. 203 (227 SE2d 352) (1976) and is well established as the law of Georgia. *Thornton v. State*, 238 Ga. 160 (231 SE2d 729) (1977). We are unable to conclude that under the facts of this case, the trial court abused its discretion in not compelling disclosure of the informant's identity. The informant participated in the transaction only to the extent of introducing the agent to appellant and telling appellant how much cocaine the agent wanted to buy. The

informant did not see the actual sale take place. The agent also made an independent identification of appellant from a photographic spread. Appellant did not testify on his own behalf or call any witnesses. "[W]here the evidence sought from the unidentified source is required by [appellant] on 'the mere possibility that the police might be impeached (it) is not enough to demand disclosure of the informer's identity.' [Cits.]" *Connally v. State*, 237 Ga. 203, 208 (2), supra; see also *Josey v. State*, 199 Ga. App. 780 (1) (406 SE2d 125) (1991).

Appellant's reliance on *Moore v. State*, 187 Ga. App. 387 (370 SE2d 511) (1988) is misplaced. In *Moore* the informant introduced the agent to defendant and was present along with a man known only as "Isaac" at the actual sale of cocaine to the agent. The agent testified that defendant sold the cocaine; however, defendant testified that Isaac sold the cocaine. We held that the informant's disclosure could be compelled because the informant was " 'the only witness in a position to amplify or contradict the testimony' of the [defendant] and the police officer." Id. at 391. However, we also noted that if the informant's identity were sought only for impeachment purposes, disclosure could not be compelled. Id. In light of the independent identification of appellant by the agent and the fact that appellant did not testify in his own defense, the only possible purpose for which appellant sought the informant's identity was to impeach the agent's identification of appellant as the person who sold the drugs. See *Milsap v. State*, 196 Ga. App. 820 (1) (397 SE2d 168) (1990). Therefore, the trial court did not err in refusing to compel the disclosure of the informant.

2. Appellant argues that his character was improperly introduced into evidence on several occasions.

(a) During opening statements, the prosecutor referred to appellant as a "dope dealer." Appellant objected and moved for a mistrial. The trial judge denied the motion and instructed the jury to disregard the comment. " ' "[T]he trial judge in passing upon a motion for mistrial . . . is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." (Cit.)' [Cit.]" *Martin v. State*, 193 Ga. App. 581, 587 (4) (388 SE2d 420) (1989). We find no abuse in the trial judge's discretion.

(b) Appellant argues that the trial judge erred in admitting, as part of the State's similar transaction evidence, the sentence appellant received in that case. The State introduced a certified copy of an indictment which included appellant's plea of guilty to the charge of selling cocaine and the sentence appellant received. "We share appellant's concern here that the sentence in a prior offense does not show motive, intent, scheme, and bent of mind; however, appellant must show not only error but harm. [Cits.]" *Groble v. State*, 192 Ga. App.

260 (2) (384 SE2d 281) (1989). While the better practice is to not admit the sentence in a prior offense where a similar transaction is involved, in this case it seems "highly probable" that the admission of the sentence did not contribute to the verdict. See *Groble,* supra.

(c) Appellant also contends that the trial court erred in not declaring a mistrial when a witness for the State testified that appellant told him appellant was on probation. Appellant argues that this statement impermissibly placed his character in issue. Even if the statement placed appellant's character in issue, in light of the admission of the indictment showing the sentence appellant received for the prior offense, we find that no reversible error resulted from the witness' reference to appellant's probation.

(d) Appellant argues that the trial court erred in allowing the State's similar transaction evidence. This evidence, consisting of an undercover agent's testimony that he was introduced to appellant by a confidential informant and that on one occasion he purchased cocaine from appellant at a location in the same area where appellant was selling drugs in the case being tried. " ' "Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact." (Cit.) Before such evidence may be admitted, however, there must be evidence [that] the [appellant] was the perpetrator of the independent crime and sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. (Cit.) Under the circumstances of this appeal, these conditions were satisfied, and the trial court did not err by admitting this evidence.' [Cit.]" *Davis v. State,* 200 Ga. App. 44 (1) (406 SE2d 555) (1991).

3. In his third enumeration of error, appellant contends that the trial court erred in not requiring the State to conduct a pretrial lineup. Appellant argues that the identification of appellant by the undercover agent was a crucial element of the State's case, and since the identification took place approximately three months after the sale, a lineup would have been useful in determining the reliability of the identification. We acknowledge that some jurisdictions have concluded that a defendant under some circumstances may be entitled to a pretrial lineup. See *In the Interest of W. C.,* 426 A2d 50 (N. J. 1981). However, in the case sub judice, there is no evidence that the photographic identification by the agent was impermissibly suggestive. Nor does there appear to be any degree of doubt surrounding the agent's in-court identification of appellant. Under these circumstances, we cannot conclude that the trial court erred in not ordering a pretrial lineup.

4. Appellant contends that his conviction is void because the jurors were not impanelled in accordance with OCGA §§ 15-12-120 and

15-12-65, which require that jurors be notified at least 25 days prior to the term of court. The failure of a juror to receive adequate notice is a defense to any contempt citation brought against that juror. OCGA § 15-12-65. However, we find no merit in appellant's argument that his case was somehow prejudiced by the jurors' failure to receive the requisite notice.

5. In his final enumeration of error, appellant contends that his conviction is void because the trial judge was appointed pursuant to OCGA § 15-1-9.1 (b) (1) which provides: "If assistance is needed from a judge outside of the county, a superior court judge of this state . . . may make a request for judicial assistance in the court served by said requesting judge. . . ." Appellant argues that there is no record of a request for assistance having been made. We find no merit to appellant's argument. Even if a request were not made, which appellant has failed to show by the record, appellant has not shown any ensuing harm. " ' "It is an old and sound rule that error to be reversible must be harmful. (Cit.)" (Cits.)' [Cit.]" *Hall v. State*, 198 Ga. App. 434, 435 (2) (401 SE2d 623) (1991).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 6, 1992.

*Robert H. Revell, Jr.*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.