## A92A2045. NUCKLES v. THE STATE.
(427 SE2d 54)

BEASLEY, Judge.

Appellant was arrested for selling crack cocaine to an undercover officer. At trial the State introduced similar transaction evidence of a prior drug sale to such an officer. Appellant was convicted and sentenced to life imprisonment pursuant to OCGA § 16-13-30 (d). His amended motion for new trial was denied.

1. The first enumeration is that the court erred in allowing the evidence of a prior plea of guilty of selling drugs, for the purpose of proving identity, because the offenses were not sufficiently similar so that proof of one would tend to prove commission of the other. He does not claim that the evidence was admitted for an improper purpose. At the hearing to determine admissibility of this evidence, the State showed that the prior sale occurred less than two years earlier. Both offenses were committed in the same town about one street apart, one at 4:00 p.m. and the other around 8:00 p.m. Both were $20 sales and on both occasions appellant was approached by vehicles with unfamiliar drivers as he stood in the street. Appellant admitted committing the prior offense and denied involvement in the incident on trial. The evidence met the necessary conditions warranting admission to prove identity, and it was not inadmissible for any reason assigned. *Mosley v. State*, 203 Ga. App. 275 (1) (416 SE2d 736) (1992). Accord *Hunt v. State*, 204 Ga. App. 799 (2d) (420 SE2d 656) (1992); *Martin v. State*, 204 Ga. App. 782 (3) (420 SE2d 645) (1992); *Johnson v. State*, 204 Ga. App. 246 (4) (419 SE2d 107) (1992); *Gray v. State*, 204 Ga. App. 33 (3) (418 SE2d 412) (1992).

2. Appellant further asserts that the trial court erred in overruling his objection to cross-examination concerning the prior offense, as this was irrelevant matter which only served to call his character in issue. "OCGA § 24-9-64 provides that all parties to a criminal proceeding are entitled to a thorough, sifting cross-examination as to the witnesses called against him. 'The scope of cross examination rests largely within the discretion of the trial judge, and his discretion will not be controlled by the reviewing court unless abused.' [Cits.] If a defendant testifies, he may be cross-examined by the prosecution like

any other witness. [Cit.] [Having held in Division 1 that the evidence of the prior drug sale was admissible to prove identity], the issue was relevant to the case, and the appellant could be cross-examined concerning those prior actions of the appellant. . . . The appellant has failed to demonstrate any abuse of discretion in the area of cross-examination." (Indention omitted.) *Hooks v. State*, 253 Ga. 141, 143 (3) (317 SE2d 531) (1984). See also *Brown v. State*, 183 Ga. App. 476 (1) (359 SE2d 233) (1987).

3. In his final two enumerations appellant challenges the mandatory life sentence provisions of OCGA § 16-13-30 (d) as contributing cruel and unusual punishment and thus contrary to, respectively, the United States and Georgia Constitutions.

These two issues were not raised at the time of sentencing, which occurred immediately following the verdict. Defendant agreed that the sentence was mandatory under the statute and did not challenge it. It was not until the amendment to the motion for new trial that defendant raised the issues of state and federal constitutionality. This being untimely, the two enumerations present nothing for appellate review. *Shivers v. State*, 261 Ga. 736 (1b) (410 SE2d 122) (1991), and cases cited therein.

Even if the issues had been properly raised, the federal ground has been rejected by the Supreme Court of Georgia. *Grant v. State*, 258 Ga. 299, 300 (2) (368 SE2d 737) (1988). The United States Supreme Court held in *Harmelin v. Michigan*, 501 U. S. ____ (111 SC 2680, 115 LE2d 836) (1991), that Michigan's mandatory life term without possibility of parole, for possessing 672 grams of cocaine, did not violate the Eighth Amendment.

As to the state constitutional ground, since it was tardy and thus procedurally defective, it is unnecessary to transfer the case to the Supreme Court of Georgia, due to its exclusive jurisdiction of such matters, for consideration of the merits. Ga. Const. 1983, Art. VI, Sec. VI, Par. II (1).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 11, 1993.

*Robert Greenwald*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.